UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds,<br><br>                                Petitioners,<br><br>                    v.<br><br>Astoria Interiors Group, Inc. a/k/a Astoria Interior Group, Inc.,<br><br>                                Respondent. | No. 21-CV-1932 (RA)<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

Petitioners Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union"), and the Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds, move for confirmation of an arbitration award against Respondent Astoria Interiors Group a/k/a Astoria Interior Group, Inc., pursuant to § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  For the reasons that follow, the petition is granted, as are Petitioners' applications for costs and attorney's fees, albeit with a minor modification.

**BACKGROUND**

The Union and Respondent are parties to a collective bargaining agreement ("CBA") that provides for the submission of disputes to the Joint Trade Board ("JTB" or "the Board").  *See*

Kugielska Decl. Ex. B.  By the terms of the CBA, the decisions of the JTB are "final and binding." *Id.* Article XIV.

On October 1, 2020, the Union filed a Demand for Arbitration alleging that Respondent had failed to pay wages and benefits to union members Jorge Villalba and Christian Amarilla ("Claimants").  *See* Kugielska Decl. Ex. D.  Respondent was served with Notices of Intention to Arbitrate on October 8, 2020, and the JTB held a hearing by teleconference on October 13, 2020, at which representatives for Claimants and Respondent appeared.  *See* Kugielska Decl. Ex. A at 2-3 (the "Award").  A month later, the JTB issued a written award, granting a majority of the requested relief.[1]  *See id.* at 4.  In particular, the JTB found Respondent "guilty for failure to pay wages and benefits, in violation of Article VIII and Article XX of the [CBA] and Article III Section 11 Violation 9 of the Trade Agreement," and directed payment as follows:

- $2,375.03 in wages on behalf of Villalba, payable to Villalba.
- $2,375.03 in wages on behalf of Amarilla, payable to Amarilla.
- $1503.81 in benefits on behalf of Villalba, payable to Local 1974 Benefit Funds.
- $1503.81 in benefits on behalf of Amarilla payable to Local 1974 Benefit Funds.
- $4,000.00 in liquidated damages made payable to the "Joint Trade Board of the Drywall Taping Industry."

Award at 4.  In addition to this award, the JTB assessed $10,000 in fines against Respondent, but "decided to hold the assessment in abeyance."  *Id.*  Aside from the $10,000 fine, the assessments were to be paid within ten days of Respondent's receipt of the decision.  *Id.*  A copy of the award was sent to Respondent, but it failed to make the required payments.  Petitioners then filed this action seeking confirmation of the award.  To date, Respondent has not appeared or otherwise contested the confirmation of the award.

---

[1] Claimants argued that Respondent failed to pay each of them wages in the amount of $3,375.03, but the JTB only awarded them each $2,375.03 in unpaid wages. *See* Award at 3-4.

2

## DISCUSSION

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); 29 U.S.C. § 185. "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 1010 (2d Cir. 2006). An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109–10. "The burden on the petition to confirm an arbitral award is not onerous," *Drywall Tapers & Pointers of Greater New York Loc. Union 1974 v. Precision Interiors Corp.*, No. 21-CV-3704 (LJL), 2021 WL 2258328, at *1 (S.D.N.Y. June 3, 2021), as arbitration decisions "are generally accorded great deference under the FAA," and a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached," *Leeward Constr. Co. v. Am. Univ. of Antigua*, 826 F.3d 634, 638 (2d Cir. 2016).

Having examined the Petition and the materials submitted in support thereof, the Court finds Petitioners have met their burden here, and are entitled to confirmation of arbitration award. This dispute was within the scope of the CBA, and the JTB acted within its authority in issuing this award. Moreover, there is at least a "colorable basis" for the outcome reached by the Board based on the facts summarized in its award. *See D.H. Blair & Co.*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.").

3

Petitioners are also entitled to recover the attorney's fees and costs associated with this action. Although attorney's fees ordinarily cannot be recovered in a federal action absent statutory authority, a district court may exercise its inherent power to award attorney's fees where a party acts in bad faith, and thus "attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." *See Abondolo v. H. & M. S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008).  Courts routinely award such fees where, as here, the Respondent fails to pay the arbitration award without challenging or seeking to vacate it.  *See, e.g., Precision Interiors Corp.*, 2021 WL 2258328, at *2; *see also Abondolo*, 2008 WL 2047612, at *4 (collecting cases).  An award of attorney's fees is thus appropriate.

The majority of the fees sought by Petitioners are reasonable.  This Court recently analyzed a nearly identical request for attorney's fees by Ms. Kugielska in *Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp*, No. 21-CV-3705 (RA), 2022 WL 604678, at *3-*4 (S.D.N.Y. Mar. 1, 2022).  For the reasons stated in *Speedo*, the Court finds that Ms. Kugielska's rate of $300 an hour is reasonable given her experience, but that application of that rate to ministerial tasks is inappropriate.  *See id.* at *4.  Accordingly, the Court will award fees at the rate of $120 an hour for those tasks—the six tenths of an hour billed for "Received issued Summons and forwarded process server a copy of Summons and Petition," and three tenths of hour billed for "Filed Affidavit of Service," *see* Kugielska Aff. at 3—resulting in a total award of $2,538.00, *see Speedo*, 2022 WL 604678, at *4.  The costs are appropriate and awarded in full.  *See Speedo,* 2022 WL 604678, at *4.

## CONCLUSION

In sum, the petition to confirm the arbitration award is granted, as is Petitioners' application for attorney's fees and costs, subject to the reduction discussed above. Accordingly, the Clerk of Court is directed to enter judgment confirming the arbitration award in its entirety, and directing Respondent to pay $2,375.03 in wages on behalf of Union member Jorge Villalba; $2,375.03 in wages on behalf of Union member Christian Amarilla; $3,007.62 in benefits on behalf of Union members Jorge Villalba and Christian Amarilla to the "Local 1974 Benefit Funds;" and $4,000.00 in fines to the "Joint Trade Board of the Drywall Taping Industry." Respondent shall also pay attorney's fees in the amount of $2,538.00 and costs in the amount of $578.00.

SO ORDERED.

Dated:   April 20, 2022
         New York, New York

                                            _____
                                            RONNIE ABRAMS
                                            United States District Judge